UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CATHERINE R. SANDOVAL,<br><br>    Plaintiff/Petitioner,<br><br>v.<br><br>HARTFORD UNDERWRITERS<br>INSURANCE COMPANY,<br><br>    Defendant/ Respondent. | Case No. 2:10-cv-01798-KJD-RJJ<br><br>**ORDER** |

    Presently before the Court is Defendant's Motion to Dismiss Plaintiff's extracontractual claims (#4). Plaintiff filed a Response in opposition (#7) to which Defendant replied (#9).

**I. Procedural History**

    Plaintiff filed the present Complaint (#1-1) against her insurance company, Hartford Underwriters Insurance Company ("Hartford"), asserting three (3) claims for relief: (i) Breach of Contract; (ii) Violation of Nevada Unfair Claims Practices Act; and (iii) Breach of Implied Covenant of Good Faith and Fair Dealing. Plaintiff also seeks punitive damages. Plaintiff's claims arose from Defendant's denial of Plaintiff's insurance claim after two car accidents in which Plaintiff asserts she suffered numerous injuries. Defendant now seeks to dismiss claims (ii) and (iii) as well as Plaintiff's claim for punitive damages.

## II. Motion to Dismiss Standard

Pursuant to Fed. R. Civ. P. 12(b)(6), a court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." Twombly, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (internal citation omitted).

In Iqbal, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the Court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. Id. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. Id. at 1949. Second, the Court must consider whether the factual allegations in the complaint allege a plausible claim for relief. Id. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." Id. (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed. Twombly, 550 U.S. at 570.

## III.  Extracontractual Claims - Claims (ii) and (iii) and Punitive Damages

Defendant asserts that Plaintiff's allegations only support a breach of contract claim and Plaintiff has not alleged sufficient facts to state claims for violation of the Nevada Unfair Claims

1  Practices Act, breach of covenant of good faith and fair dealing, and punitive damages.  Plaintiff
2  contends that the standard for dismissal is extremely rigorous and Defendant has failed to
3  demonstrate that dismissal is appropriate.  Additionally, Plaintiff requests that if dismissal is granted
4  that the Court also grant her leave to amend.

5  <u>A.  Violation of Nevada Unfair Claims Practices Act and Breach of Covenant of Good Faith
6  and Fair Dealing - Claims (ii) and (iii)</u>

7  Defendant argues that Plaintiffs' allegations concerning Claims (ii) and (iii) are only
8  formulaic recitations of the elements and she provides no relevant factual allegations to support her
9  claims.[1]  The Court agrees.  Plaintiff's allegations are legal conclusions which quite obviously lack
10 requisite facts.

11 Under the violation of Nevada Unfair Claims Practices Act claim, Plaintiff alleges that
12 Defendant "violated subsections b, c, d, e, and n of N.R.S. 686A.301(1)," and that the statutory
13 violations "were done willfully, maliciously, oppressively, with the conscious disregard for the
14 Plaintiff's rights and with the intent to vex, annoy, harass and injure the Plaintiff."  Plaintiff offers no
15 facts alleging how Defendant violated N.R.S. N.R.S. 686A.301(1)[2] and therefore, this claim must be
16 dismissed.

17 Under the Breach of Covenant of Good Faith and Fair Dealing Claim, Plaintiff alleges that
18 Defendant "failed to deal fairly and in good faith with the Plaintiff by refusing to compensate the
19 Plaintiff for a loss covered by the [insurance contract]."  Refusing to compensate for a loss covered
20 by the insurance contract is a factual allegation for breach of contract, not breach of covenant of good
21 faith and fair dealing.  <u>See</u>, <u>Pioneer Chlor Alkali Co. v. Nat'l Fire Ins. Co.</u>, 863 F.Supp 1237, 1242
22 (D.Nev. 1994) (noting that "the insurer is not liable for [tortious] bad faith for being incorrect about
23 policy coverage as long as the insurer had a reasonable basis to take the position that it did").

---

[1]Plaintiff did not directly respond to this assertion by Defendant, but rather retold the series of events that lead up to the present law suit and contended that the standard for dismissal is rigorous.

[2]The only facts mentioned throughout the Complaint regard the alleged breach of contract.

3

Plaintiff offers no facts alleging how Defendant breached a covenant of good faith and fair dealing. Accordingly, this claim must be dismissed.

### B.  Punitive Damages

Defendant's conduct must be oppressive, fraudulent, or malicious in order for punitive damages to be assessed.  NRS 42.005.  Punitive damages are improper when a defendant can only be held liable for breach of contract.  Insurance Co. of the West v. Gibson Tile Co., Inc., 122 Nev. 455, 458 (2006).   Here, the only claim surviving the motion to dismiss is the breach of contract claim and therefore, the most Defendant can be held liable for is breach of contract.  Accordingly, punitive damages would be improper and Plaintiff's claim for punitive damages is dismissed.

## IV. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Extracontractual Claims (#4) is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to file a second amended complaint within fourteen (14) days.

DATED this 14th day of July 2011.

_____
Kent J. Dawson
United States District Judge